O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-07204 (VEB)

JULIO LEON, on behalf of Susana
Leon, deceased,

               Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2011, Susana Leon ("Claimant") applied for Disability Insurance

benefits under the Social Security Act. The Commissioner of Social Security denied

the application.[1]  Claimant passed away in October of 2014.  Plaintiff Julio Leon, Claimant's husband, has been substituted as the party in interest.

Plaintiff, by and through his attorney, Erika Bailey Drake, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 17, 19). On November 6, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Claimant applied for Disability Insurance benefits on March 14, 2011, alleging disability beginning January 4, 2011. (T at 58).[2]  The application was denied initially and on reconsideration.  Claimant requested a hearing before an Administrative Law Judge ("ALJ").

On March 18, 2013, a hearing was held before ALJ Mary L. Everstine. (T at 38).  Claimant appeared with an attorney and testified. (T at 40-52).  The ALJ also received testimony from Sharon Spaventa, a vocational expert. (T at 52-54).

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

On April 5, 2013, ALJ Everstine issued a written decision denying the application for benefits. (T at 21-36). The Appeals Council denied Claimant's request for review on July 21, 2014. (T at 1-7).

Claimant passed away on October 24, 2014, and Plaintiff was substituted as the party in interest. (T at 642). Plaintiff commenced an action in this Court challenging the denial of benefits. (T at 747-55). On May 29, 2015, the Honorable Victor B. Kenton, United States Magistrate Judge, issued a decision remanding the case for further proceedings. (T at 756-74).

A second administrative hearing was held on March 1, 2016, before the same ALJ. Plaintiff appeared with an attorney and offered testimony. (T at 709-15). The ALJ also received additional testimony from Ms. Spiventa, the vocational expert. (T at 715-17).

On March 18, 2016, the ALJ issued a decision denying the application for benefits. (T at 639-57). The ALJ's second decision became the Commissioner's final decision on July 27, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 633-38).

On September 25, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No.

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

1). The Commissioner interposed an Answer on March 16, 2017. (Docket No. 14).

The parties filed a Joint Stipulation on June 15, 2017. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for calculation of benefits.

## III. DISCUSSION

### A.     Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant

work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that Claimant did not engage in substantial gainful activity between January 4, 2011, the alleged onset date, and October 24, 2014, the date of her death. (T at 644). The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"). (T at 644). The ALJ found that Claimant's mild multi-level disc bulges at L2-3 and L5-S1 with small annular fissure at L4-5; status post arthroscopy with chondroplasty right knee; status post arthroscopic repair and partial meniscectomy left knee; migraine headaches; and left hip trochanteric bursitis were "severe" impairments under the Act. (Tr. 644).

However, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 644).

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

The ALJ determined that, as of the date of her death, Claimant retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §404.1567 (b), except that she was limited to frequent balancing, stooping, crouching, crawling, overheard reaching, gross handling, and fine manipulation. (T at 645).

The ALJ found that, as of the date of death, Claimant could perform her past relevant work as a medical assistant (front and back office). (T at 650). Accordingly, the ALJ determined that Claimant was not disabled within the meaning of the Social Security Act between January 4, 2011 (the alleged onset date) and October 24, 2014 (the date of death) and was therefore not entitled to benefits. (T at 651). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 633-38).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 21, at p. 4-5), Plaintiff offers four (4) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she contends that the ALJ violated the rule of mandate. Second, Plaintiff challenges the ALJ's credibility determination.  Third, Plaintiff argues that the ALJ did not properly assess the evidence regarding Claimant's

mental impairment. Fourth, Plaintiff asserts that the ALJ's analysis of the medical opinion evidence was flawed. This Court will address each argument in turn.

# IV. ANALYSIS

## A. Rule of Mandate

In general, the "law of the case" doctrine prohibits a court from considering an issue already decided by the same court, or a higher court, in the same case. *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012). "The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). Under the rule of mandate, a "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall*, 697 F.3d at 1067. However, the district court may "decide anything not foreclosed by the mandate." *Id*.

The rule of mandate applies in Social Security cases and establishes a duty on the part of the ALJ to comply with the mandate of a district court. *See Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). Thus, reversal of an ALJ is warranted when the ALJ's decision "exceed[s] the scope of and/or contravene[s] district court remand orders." *Almarez v. Astrue*, No. EDCV 09-00140, 2010 WL 3894646, at *3, 2010 U.S. Dist. LEXIS 104314, at *9-10 (C.D. Cal. Sept. 30, 2010).

In the present case, Magistrate Judge Kenton remanded for "a *de novo*" hearing. (T at 764-69). In particular, Judge Kenton determined that the ALJ's credibility determination was not supported by clear and convincing evidence, that the ALJ improperly failed to discuss third party lay evidence, and that the ALJ did not sufficiently discuss a treating physician opinion. (T at 764-69). Plaintiff urges this Court to read Judge Kenton's remand decision as "essentially" ordering the ALJ to find that Claimant had a severe mental impairment and to credit her testimony regarding fibromyalgia symptoms. Plaintiff also contends that the ALJ on remand still did not adequately address the lay evidence or treating physician opinion, contrary to Judge Keaton's directive.

This Court finds no violation of the rule of mandate. Although Judge Keaton was critical of the ALJ's reasoning and found it insufficient to survive judicial scrutiny, the remand was for a "de novo" hearing, *i.e.* to reconsider the evidentiary record, including new evidence submitted to the Appeals Council. In other words, while casting doubt on the justifications offered by the ALJ and criticizing the lack of clarity in the ALJ's decision, Judge Keaton did not make affirmative findings or require any result on remand (other than a *de novo* reconsideration of the evidence). As such, this Court finds no violation of the rule of mandate. *See St. Clair v. Berryhill*, No. 3-16-cv-05841, 2017 WL 3866841, 2017 U.S. Dist. LEXIS 143274,

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

at *10-11 (W.D. Was. Sep't 5, 2017)(finding no violation of rule of mandate where district court remanded for *de novo* hearing); *Angulo v. Astrue*, No. ED CV 12-01426, 2013 WL 3223639, 2013 U.S. Dist. LEXIS 89490, at *9-10 (C.D. Cal. June 25, 2013)(finding no violation where district court "included broad language in the [remand] order").

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Claimant testified as follows: She completed the 11th grade. She was 58 as of the date of the first administrative hearing. (T at 41). She stopped working in 2010, after being fired due to conflict with a co-worker. (T at 42-43). She had two knee surgeries for knee pain and had back pain, weight gain, frequent migraines, and depression. (T at 44). Medication made her groggy. (T at 43). She took medication for anxiety. (T at 44). She could not sit for sustained periods and needed to be in constant motion. (T at 44). She had memory problems and difficulty concentrating. (T at 44). She was diagnosed with fibromyalgia. (T at 44). Migraines lasted up to two days. (T at 44-45). Her knee and back pain were a 10/10, with only slight relief from medication. (T at 45-46). She took Ativan for anxiety, which provided some relief. (T at 47). Sitting was limited to 10 minutes; standing was limited to about 10 minutes if she could lean against something. (T at 47). She could not lift any weight. (T at 47). She relied on family for routine errands. (T at 47). She attended to personal hygiene with her husband's assistance. (T at 48).

At the 2016 hearing, Plaintiff testified as follows: Prior to her death, Claimant was in constant physical pain, and suffered from depression and anxiety. (T at 710). She was constantly confined to her room and had interpersonal problems (including

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

throwing a knife at Plaintiff). (T at 711). She believed she attended mental health

therapy, but stopped for reasons she never explained. (T at 712). She had difficulty

ambulating and fell frequently. (T at 714). She used a cane. (T at 714). She would

not go out shopping and was anti-social. (T at 714).

The ALJ concluded that Claimant's medically determinable impairments

could reasonably be expected to cause the alleged symptoms, but that the statements

of Claimant and Plaintiff regarding the intensity, persistence, and limiting effects of

the symptoms were not fully credible. (T at 648). This Court finds the ALJ's

credibility analysis flawed for the following reasons.

First, the ALJ improperly discounted Claimant's testimony regarding her

fibromyalgia diagnosis. In particular, the ALJ refused to recognize fibromyalgia on

the grounds that (a) the consultative examiner found "only 6 trigger points" and (b)

there was a "lack of evidence in the record of objective findings to establish such

diagnosis." (T at 649). In particular, the ALJ explained that a reference to

"'fibromyalgia' without sufficient trigger points, and the use of the term by a

physician's assistant does not establish a diagnosis of fibromyalgia." (T at 649).

As a threshold matter, the ALJ's recitation of the record is flawed. Although

Dr. Shahrzad Sodagar-Marvasti, the consultative examiner, noted only six trigger

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

points (T at 313),[3] the doctor did diagnose fibromyalgia (T at 315). In addition, Dr. Dale Kiker, a treating physician, noted the fibromyalgia diagnosis on multiple occasions without ever suggesting he disagreed with the diagnosis. (T at 849, 859, 867). Thus, it was not accurate for the ALJ to state that the only reference to fibromyalgia was by a "physician's assistant."

Moreover, the ALJ's demand for "objective findings" to support the fibromyalgia diagnosis was misplaced. Fibromyalgia is diagnosed "entirely on the basis of the patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[T]here are no laboratory tests to confirm the diagnosis." *Id.*; *see also Coleman v. Astrue,* 423 F. App'x 754, 755 (9th Cir. 2011) (holding that ALJ erred by "rel[ying] on the absence of objective physical symptoms of severe pain as a basis for disbelieving [claimant's] testimony regarding" effects of fibromyalgia symptoms).

Second, the ALJ discounted the subjective complaints by incorrectly characterizing the treatment history as "limited and conservative." (T at 650). "The fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more

---

[3] Typically, an individual with at least 11 trigger points is considered likely to be suffering from fibromyalgia.

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

aggressive treatment options the ALJ believes are available." *Slover v. Comm'r of Soc. Sec. Admin.*, No. CV-10-258-HZ, 2011 U.S. Dist. LEXIS 36459, 2011 WL 1299615, at * 4 (D. Or. Apr. 4, 2011); *see also Gentry v. Colvin*, 2013 U.S. Dist. LEXIS 168342 (E.D. Cal. 2013).

Moreover, Claimant underwent bilateral knee arthroscopies (T at 650), had an L4-5 epidurogram, received cortisone injections (T at 648), and was prescribed powerful narcotics. (T at 552). This cannot reasonably be characterized as "limited" or "conservative" treatment. *See Harvey v. Colvin*, 2014 U.S. Dist. LEXIS 107607, at *28 (C.D. Cal. Aug. 5, 2014)(finding that ALJ erred in discounting credibility based on "conservative" treatment where treatment including injections); *Yang v. Barnhart*, 2006 U.S. Dist. LEXIS 90358, at *12-14 (C.D. Cal. Dec. 12, 2006)(concluding that physical therapy, neck surgery, prescription medication, and epidural injections were not "conservative" treatment sufficient to discount claimant's credibility).

Third, the ALJ failed to adequately account for the "wax and wane" of symptoms. For example, the ALJ noted that Claimant "achieved excellent headache relieve [*sic*] with medication, with notes for January 2012 through March 2012 indicating she was not experiencing any headaches." (T at 646). Although this correctly describes a brief period of progress, it is of limited relevance because

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

subsequent treatment notes consistently described Claimant as suffering from migraines (T at 852, 861, 870, 880, 886) and she was treated in the emergency room for an overwhelming migraine on at least one occasion. (T at 858).

Lastly, the ALJ overstated Claimant's activities of daily living when discounting her credibility. Although Claimant's daughter reported that, as of February of 2013, Claimant could do laundry, attend to her basic needs, and engage in interpersonal relationships with family members, she also described Claimant as depressed, experiencing mood swings, and needing encouragement to leave her bed. (T at 232). As discussed above, Plaintiff testified to very significant limitation in Claimant's activities of daily living prior to her death. (T at 710-14).

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

In light of the foregoing, this Court finds that the ALJ's credibility determination is not supported by substantial evidence and cannot be sustained.

**C.    Step Two Analysis –Mental Impairment**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).   The fact that a claimant has been diagnosed with and treated for a

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).

The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations." *Id.*

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

When evaluating the severity of mental impairments, the regulations require the ALJ to apply a "special technique" at the second and third steps of the review, in addition to the customary sequential analysis. 20 C.F.R. § 404.1520a. The technique first requires a determination of whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1).

Then, the ALJ must rate the degree of the claimant's functional limitation resulting from the impairment in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R § 404.1520a(c)(3). These areas are rated on a scale of "none, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4). A mental impairment is generally found not severe if the degree of limitation in the first three areas is mild or better and there are no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1). The ALJ must "document a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(2).

In the present case, the ALJ concluded that Claimant did not have a severe mental impairment. (T at 644). However, the ALJ did not provide any explanation for this finding and it is not clear that the ALJ employed the special technique. This was a significant omission as the record documents depressive symptoms and

treatment by Claimant's primary care providers. (T at 536, 540-46, 838-39). As discussed above, both Plaintiff and Claimant's daughter testified to significant mental health issues and the limiting effect those symptoms had on Claimant's activities.

The Commissioner argues the ALJ's error was harmless based on the assessments of Dr. Elmo Lee, a consultative psychiatric examiner, and Dr. B. Pearce, a non-examining State Agency review consultant. Both of these non-treating physicians assessed mild psychiatric problems with minimal to no limitation in basic work activities (T at 320-21, 343, 646, 650).

However, given the evidence of record indicating significant limitations, treating for depression and anxiety administered by treating providers, and the lack of mental health related limitations contained in the ALJ's RFC determination, this Court cannot find the ALJ's failure to conduct a proper assessment of Claimant's mental health impairment to be harmless error. *See Alegria v. Colvin*, No. CV 14-6573, 2015 WL 1893114, 2015 U.S. Dist. LEXIS 54865, at *3 (C.D. Cal. Apr. 27, 2015)("An ALJ's failure to apply the psychiatric review technique is not harmless error if the claimant has a 'colorable claim of mental impairment.'")(quoting *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011)).

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

## D. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

In February of 2013, Dr. Raymond Menchaca completed a physical residual functional capacity assessment. At that time, Dr. Menchaca had been treating Claimant about every 2 months for 5 years. Although Dr. Menchaca described Plaintiff's prognosis as "good" and opined that Plaintiff's limitations were not expected to last at least 12 months, he assessed limitations inconsistent with even sedentary work and opined that Plaintiff could not tolerate anything more than a low stress job. (T at 535-38). The ALJ referenced Dr. Menchaca's opinion, but failed to explain what weight, if any, she gave the assessment when making the RFC determination.

In addition, the ALJ dismissed the March 2013 and May 2013 reports of Dale Davis, a treating physician's assistant, who assessed significant physical and mental limitations arising from Claimant's impairments. (T at 540-46, 547-51). Although Mr. Davis may not have been an "acceptable medical source,"[4] the ALJ was obliged to provide "germane reasons" before discounting his opinion – and simply citing his status as a physician's assistant is not sufficient. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Moreover, there is some indication Mr. Davis was working

---

[4] Medical sources are divided into two categories: "acceptable' and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" include, but are not limited to, physician assistants, nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

under Dr. Kiker, one of Claimant's treating physicians. If so, his assessments would have been entitled to greater weight. *See, e.g., Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996)(holding that nurse practitioner should be considered an acceptable medical source where she "worked closely under the supervision of [the physician] and . . . was acting as an agent of [the physician]."). The ALJ erred by dismissing Mr. Davis's opinions without exploring this further.

**E.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear

from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

This Court is mindful that this matter was already remanded once to afford the Commissioner a second opportunity to make a proper assessment of Claimant's credibility and the medical evidence. The ALJ failed to perform either task, as set forth above.  There are no outstanding issues to be resolved.  The evidence, including assessments from treating providers, contemporaneous treatment notes, and the testimony of Claimant and Plaintiff, if credited, makes it clear that Claimant was disabled within the meaning of the Social Security Act.

The Commissioner argues in conclusory fashion that a remand for further proceedings would be the appropriate remedy if this Court were to find the ALJ's decision not supported by substantial evidence.  However, it is not clear what purpose yet another remand would serve in this case.  The Ninth Circuit has held it is not appropriate to "remand for the purpose of allowing the ALJ to have a mulligan." *Garrison v. Colvin*, 759 F.3d 995, 1012, 1021 (9th Cir. 2014).  Indeed, "[a]llowing the Commissioner to decide the issue again would create an unfair

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB

'heads we win; tails, let's play again' system of disability benefits adjudication."

*Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for calculation of benefits, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 9th day of April 2018,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – LEON v BERRYHILL 2:16-CV-07204-VEB